IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| L.D.W., | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §    3:24-CV-271-BR |
| | § |
| COMMISSIONER, | § |
| SOCIAL SECURITY ADMINISTRATION, | § |
| | § |
|     Defendant. | § |

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (ECF 20). The Motion requests a total award of $7,252.88 under the Equal Access to Justice Act (the "EAJA"), comprising attorney's fees calculated at $255.88 per hour for 26 hours and paralegal's fees for legal services calculated at $100.00 per hour for 6 hours. (ECF 20-1). Plaintiff has certified that Defendant does not oppose the amounts requested in that Motion. (ECF 23). Attached to Plaintiff's Motion is a Waiver of Direct Payment of EAJA Fees. (ECF 21-1).

The EAJA allows a prevailing party in litigation against the United States, including in Social Security benefits cases, to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Sims v. Apfel*, 238 F.3d 597 (5th Cir. 2001). The amount to be recovered must be reasonable, and it is determined not by reference to the amount recovered in the litigation, but by the time expended and the attorney's hourly rate, which is statutorily capped. 28 U.S.C. § 2412(b) *and Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *see also Lowery v. Commissioner, Social Security Administration*, 2022 WL 16964743, at *1 (E.D. Tex. 2022).

The EAJA caps the hourly rate for attorneys' fees at $125.00, "unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts in this district have used a local Consumer Price Index ("CPI") to track increases in cost of living. *See, e.g.*, *Hamblen v. Colvin*, 14 F. Supp. 3d 801, 809 (N.D. Tex. 2014). The Bureau of Labor Statistics maintains a CPI for the "Dallas-Fort Worth-Arlington, TX" area which shows an increase in cost of living from a CPI value of 146.2 in the first quarter of 1996, when the EAJA was enacted, to a CPI value of 299.273 for the first half of 2024, when the legal work for which Plaintiff seeks fees was performed. This amounts to a 104.701% increase in cost of living, which when applied to the original hourly rate cap of $125.00 yields a new hourly cap of $255.88. Accordingly, the maximum rate at which attorneys' fees can be recovered under the EAJA for work performed in this judicial district in the first half of 2024 is $255.88.

Pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), this case was remanded and judgment was entered July 11, 2024. (ECF 18, 19). Because no notice of appeal was filed within the following sixty days, judgment became final on September 9, 2024. Plaintiff's October 4, 2024 Motion was filed less than thirty days after judgment became final. Thus, the Motion was timely filed in accordance with the EAJA. 28 U.S.C. § 2412(d)(1)(B). Plaintiff's requested hourly rate does not exceed the statutory cap, and the Government does not oppose the amount of Plaintiff's request. Thus, amount to be recovered is reasonable.

Plaintiff requests that any fees awarded be made payable to Plaintiff's attorney. (ECF 20 at 1). This District Court and others in this Circuit have repeatedly held that an assignment or waiver executed by a plaintiff does not change the requirement that awards under the EAJA be made payable to the plaintiff, rather than to their attorney. *See, e.g.*, *Arizmendez v. Colvin*, No. 3:13-cv-1065, 2014 WL 2154052 (N.D. Tex. 2014), *Cardona v. Comm'r of Soc. Sec.*, No. EP-21-

cv-142, 2023 WL 2577200 (W.D. Tex. 2023), *and Mikush v. O'Malley*, No. 4:24-cv-261, 2024 WL 4424797 (S.D. Tex. 2024). Accordingly, the award of attorney's fees shall be made payable to Plaintiff in care of Plaintiff's attorney. *See Astrue v. Ratliff,* 560 U.S. 586 (2010), *and Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

Accordingly, the Court finds that Plaintiff's Motion, (ECF 20), should be GRANTED IN PART with respect to the award of attorneys' fees and DENIED IN PART regarding the request for payment to be made exclusively to Plaintiff's counsel. The Court hereby ORDERS Defendant to pay Plaintiff, in care of Howard Olinsky, Plaintiff's lead attorney, Olinsky Law Group, 250 S. Clinton Street, Ste. 210, Syracuse, NY 13202, the total amount of **$7,252.88** in legal fees under the EAJA. This amount is subject to any offset necessary to satisfy pre-existing debts that Plaintiff owes to the United States Federal Government and is distinct from, and is not to be taken out of, any past-due Social Security benefits that may ever be awarded to Plaintiff in this case.

IT IS SO ORDERED.

ENTERED October 17, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE